**Appeal No. 13-15466**

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**MARCIANO PLATA, ET AL.,**

*Plaintiffs and Appellees,*

vs.

**EDMUND G. BROWN JR., ET AL.,**

*Defendants and Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California
The Honorable Thelton E. Henderson, Judge Presiding
(Case No. 3:01-cv-01351 TEH)

---

**MOTION TO DISMISS APPEAL**

---

PRISON LAW OFFICE
Rebekah Evenson, 207825
1917 Fifth Street
Berkeley, California  94710
Telephone: (510) 280-2621
Email: revenson@prisonlaw.com

*Attorneys for Plaintiffs*

## INTRODUCTION

This Court lacks jurisdiction to decide this appeal, which is taken from a scheduling order entered by the district court.

*Plata v. Brown* is a longstanding suit concerning constitutionally inadequate medical care in California's 33 prisons. *Brown v. Plata,* 131 S.Ct. 1910, 1925-1926 (2011). Over the last decade, the court below has entered a number of remedial orders aimed at improving prison medical care, but Defendants have yet to make the necessary improvements, and the quality of healthcare remains below the constitutional minimum. *Id.*

In the proceedings below, the State had informed the district court that it was considering whether to file a motion to terminate all relief in the case. The State made clear, however, that it might *never* file such a motion. Nonetheless, in the interests of efficient case management, the district court set a schedule for any termination motion, should the State decide to file it. Exhibit A at 5 (Order Granting In Part and Denying in Part Plaintiffs' Motions for Discovery, Feb. 21, 2013, Docket No. 2546).

That order plainly falls outside the scope of 28 U.S.C. § 1292(a)(1), which provides for jurisdiction over orders "refusing to dissolve or modify

injunctions," since the district court did not refuse to dissolve or modify anything.

The State invokes this court's jurisdiction under the Prison Litigation Reform Act ("PLRA"). The PLRA requires a district court to "automatically stay" all injunctive relief after a motion to terminate is filed. 18 U.S.C. § 3626(e)(2). The statute further provides that any order "staying, suspending, delaying, or barring the operation of the automatic stay" is tantamount to an order "refusing to dissolve or modify an injunction," and is therefore appealable under 28 U.S.C. § 1292(a)(1). 18 U.S.C. § 3626(e)(4).

The fatal flaw in the State's argument is that the State has not filed a motion to terminate, and may never do so. As a result, the PLRA's automatic stay provisions are not now – and may never be – triggered. Since the automatic stay provision is not in effect, the district court's order cannot be styled an order "blocking" the statutory automatic stay under 18 U.S.C. § 3626(e)(4), and it is therefore not appealable.

## BACKGROUND

This appeal flows from a longstanding class action against officials of the State of California who are charged with operating the state's prison medical care system consistent with the requirements of the Eighth

Amendment to the United States constitution.  *See Brown v. Plata,* 131 S.Ct. 1910, 192 -1927 (2011).

In 2002, the State stipulated to the issuance of an injunction designed to cure the state's failures to provide constitutionally adequate medical care. *Id.* at 1926.  Since that time, the district court has conducted various proceedings related to Defendants' failures to comply with the injunction. In 2005, the court appointed a Receiver to oversee prison medical care, and in 2010, as part of a three-judge district court panel, issued an order to reduce prison crowding.  *Id.* at 1926-1928.

Less than a year after the United States Supreme Court upheld the population reduction order, Appellants filed a statement with the district court suggesting that they might file a motion to terminate all relief in the case.  Exhibit A at 1.  Plaintiffs thereafter filed a motion to reopen discovery, among other things.  *Id.* at 1-2.

Appellants objected to Plaintiffs' request to reopen discovery, stating that they "have not yet made a decision to move to terminate" and "may never file such a motion," and that reopening discovery would be "inappropriate and premature."  Exhibit B at 2, 5 (Defendants' Opposition to Plaintiffs' Emergency Motion for Discovery, Feb. 15, 2013, Docket No. 2539).

3

The district court, mindful of the fact that the State might yet file a motion to terminate, ordered the State to "disclose the identity of any expert witnesses and provide expert reports in compliance with Federal Rules of Civil Procedure 26(a)(2)(A)-(C) at least 120 days prior to filing any motion to terminate." Exhibit A at 5. The State now seeks this Court's review of that scheduling order.

## ARGUMENT

## I.    THIS COURT LACKS JURISDICTION OVER THE APPEAL

This Court has no jurisdiction to hear an appeal from an order that merely sets a schedule for proceedings on a motion that the State has not yet decided to file.

The State claims that jurisdiction is proper under to 28 U.S.C. §1292(a)(1) and 18 U.S.C. § 3626(e)(4). Defs' Notice of Appeal at 2. Neither provision applies here.

28 U.S.C. § 1292(a)(1) provides, in relevant part, that the court of appeals has jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . refusing to dissolve or modify injunctions . . . ." The Supreme Court has long counseled that Section 1292(a) creates a narrow exception to "the long-established policy against piecemeal appeals," an exception necessary to permit litigants to challenge "interlocutory orders of

4

serious, perhaps irreparable, consequence."  *Gardner v. Westinghouse Broadcasting Co*., 437 U.S. 478, 480 (1978) (internal quotations omitted). The Section 1292(a)(1) exception must be read narrowly; it does *not* provide for appellate jurisdiction over "[o]rders that in no way touch on the merits of the claim but only relate to pretrial procedures." *Switzerland Cheese Assn., Inc., v. E. Horne's Market, Inc*., 385 US. 23, 25 (1966); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 279 (1988) (no jurisdiction under §1292(a)(1) over "[a]n order by a federal court that relates only to the conduct or progress of litigation").  As the Supreme Court has declared, there is simply "no other way to protect the integrity of the congressional policy against piecemeal appeals." *Switzerland Cheese Assn., Inc.,* 385 U.S. at 25 (footnote omitted).

The State's appeal asks this Court to do what the Supreme Court has forbidden:  exercise jurisdiction over an order setting pretrial procedures.

The Prison Litigation Reform Act (PLRA) puts a further gloss on Section 1292(a) jurisdiction, but does not transform a case scheduling order into an appealable decision.

The PLRA provides that in prison reform cases, all injunctive relief is automatically stayed as soon as a defendant files a motion to terminate relief, and it further provides that any order "staying, suspending, delaying, or

barring the operation of the automatic stay," shall be "treated as an order refusing to dissolve or modify an injunction" that is appealable under Section 1292(a)(1). 18 U.S.C. § 3626(e)(4).

The logic of Section 3626(e)(4) is that an "automatic stay" has the immediate effect of an order dissolving or modifying an injunction. And thus, if a court blocks or delays the operation of the statutory automatic stay, the court is effectively "refusing" to dissolve or modify an injunction, sufficient to invoke appellate jurisdiction under Section 1292(a)(1). That logic simply does not apply where, as here, no automatic stay has been triggered.

A statutory "automatic stay" exists only when a party files a termination motion. 18 U.S.C. § 3626(e)(2). The State has not filed a motion to terminate, and it told the district court it may *never* do so. Exhibit B at 5. Since there is no motion to terminate, there is no statutory automatic stay. 18 U.S.C. § 3626(e)(2). Where there is no automatic stay, there can be no order "blocking" operation of the automatic stay. 18 U.S.C. § 3626(e)(4). And, where there is no order blocking the operation of the automatic stay, there is no order "refusing" to modify or dissolve an injunction. *Id.*

As the Tenth Circuit recently remarked in finding it had no jurisdiction under Section 1292(a)(1), "[t]o 'refuse' to dissolve or modify an

6

injunction, a court must first be asked to do so; the district court was not."
*Hatten-Gonzalez v. Hyde,* 579 F.3d 1159, 1166 (10th Cir. 2009).  The same
is true here.  The district court was never asked to dissolve or modify an
injunction, and it follows that it never "refused" to do so.

Any other holding would vitiate decades of Supreme Court precedent,
and profoundly expand this Court's jurisdiction over all manner of
interlocutory orders that "only relate to pretrial procedures."  *Switzerland
Cheese Ass'n., Inc.*, 385 U.S. at 25.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the appeal.


Respectfully submitted,

Dated:  April 24, 2013              PRISON LAW OFFICE


                                   By:  */s/ Rebekah Evenson*
                                        Rebekah Evenson

                                   Attorneys Plaintiffs

**CERTIFICATE OF SERVICE**
*Plata v. Brown*
Appeal No. 13-15466

I hereby certify that on December 18, 2012, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

MOTION TO DISMISS

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 24, 2013, at Berkeley, California.

*/s/ Rebekah Evenson*
Rebekah Evenson

Exhibit A

1

2

3            IN THE UNITED STATES DISTRICT COURT

4         FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7    MARCIANO PLATA, et al.,

8                          Plaintiffs,                NO. C01-1351 TEH

9              v.                                     ORDER GRANTING IN PART
                                                      AND DENYING IN PART
10   EDMUND G. BROWN JR., et al.,                     PLAINTIFFS' MOTIONS FOR
                                                      DISCOVERY
11                        Defendants.

12

13        This matter came before the Court on February 19, 2013, on Plaintiffs' February 14,

14   2013 motion for discovery.  Because time was of the essence, the Court issued an order

15   ruling on the motion, as well as on an argument construed as an oral motion, later that same

16   day.  This order explains the Court's reasoning and also sets a schedule for expert disclosures

17   if Defendants opt to file a termination motion.

18

19   **BACKGROUND**

20        On September 5, 2012, this Court set a framework for transitioning away from the

21   Receivership and also ordered the court experts to begin evaluating the quality of care at

22   individual institutions.  On February 12, 2013, Defendants represented that they "will file a

23   termination motion in a few months" if they conclude that the ongoing expert evaluations

24   have not been completed "in a reasonable period" or the experts "lose sight of the governing

25   constitutional standards."  Defs.' Feb. 12, 2013 Response & Obj. to Jan. 29, 2013

26   *Plata/Coleman* Order at 1 (Docket No. 2529).

27        Plaintiffs "recently learned" that Defendants "hired physicians from Texas to evaluate

28   the medical care at California's prisons," and that these physicians were scheduled to visit

United States District Court
For the Northern District of California

1    two prisons between February 20 and 22, 2013.  Specter Decl. ¶¶ 3-4.  Plaintiffs' counsel

2    contacted Defendants' counsel on February 11 and again on February 13 to request

3    permission to accompany the Texas physicians on their prison tours.  *Id.* ¶ 5.  Defendants did

4    not respond to these requests, *id.* ¶¶ 5-6, and Plaintiffs subsequently filed a motion for

5    discovery to be heard on shortened time.  Plaintiffs requested that discovery be re-opened

6    and that Plaintiffs' counsel be allowed to accompany Defendants' hired consultants on their

7    prison tours.

8        On February 14, 2013, the Court granted Plaintiffs' request to hear the motion on

9    shortened time.  Defendants filed a timely opposition the following day.

10       At oral argument, the parties also discussed Defendants' request for their consultants

11    to meet with members of the Receiver's executive staff in the afternoon following the motion

12    hearing.  The Court construed that discussion as an oral motion by Plaintiffs to be allowed to

13    participate in any such meetings.

14

15    **DISCUSSION**

16       The Court addresses each of Plaintiffs' requests in turn below.

17    **I.**      **Plaintiffs' Motion to Re-Open Discovery**

18       First, Plaintiffs request that discovery be re-opened to allow them "an opportunity to

19    investigate the current conditions in the California state prisons" in anticipation of the

20    potential termination motion under consideration by Defendants.  Mot. at 2.  Plaintiffs'

21    request stems primarily from the Prison Litigation Reform Act's ("PLRA's") automatic stay

22    provisions, which provide that a motion to terminate injunctive relief operates as an

23    automatic stay beginning 30 or 180 days after such a motion is filed.[1]  18 U.S.C.

24    § 3626(e)(2).

25

26         [1]The timing of the automatic stay depends on whether the motion is made under 18
U.S.C. § 3626(b)(1) or (2), in which case the stay begins 30 days after the motion is filed, or

27    under "any other law," in which case the stay begins 180 days after the motion is filed.  *Id.*
§ 3626(e)(2).  "The court may postpone the effective date of [either] automatic stay . . . for

28    not more than 60 days for good cause."  *Id.* § 3626(e)(3).

**United States District Court**
For the Northern District of California

1    The Court finds Plaintiffs' concerns about the time limitations imposed by the PLRA

2    to be reasonable, particularly since it is not clear under which provision Defendants might

3    file a motion to terminate.  The Court finds it would be fundamentally unfair to allow

4    Defendants an unlimited time to prepare for filing a motion while permitting Plaintiffs only

5    the time allowed by the PLRA's automatic stay – less the time required for a hearing and for

6    the Court to make a ruling – to prepare an opposition that will likely involve substantial

7    evidence.  As the parties are well aware, this is a complex case, and the Court anticipates

8    that, absent a stipulation, determining whether this case should be terminated will require a

9    detailed factual inquiry.  In addition, Defendants' counsel acknowledged at oral argument

10   that they were not arguing that Plaintiffs have no right to begin preparing for a potential

11   motion to terminate.[2]  Indeed, just as Defendants are entitled to hire consultants to review

12   prison conditions, so are Plaintiffs.  Accordingly, Plaintiffs' motion to re-open discovery is

13   GRANTED to allow Plaintiffs an opportunity to prepare for a potential termination motion at

14   the same time as Defendants.

15   The Court expects the parties to act reasonably while they conduct discovery and

16   anticipates that the parties, acting in good faith, will be able to resolve most, if not all,

17   discovery disputes without further intervention.  If the parties have a dispute that they cannot

18   resolve among themselves, they shall telephone the Court's courtroom deputy and request a

19   referral to a magistrate judge for discovery purposes.

20

21   **II.     Plaintiffs' Motion to Accompany Defendants' Consultants on Prison Visits**

22   Plaintiffs next request an order allowing Plaintiffs' counsel to attend all prison tours

23   by Defendants' consultants or experts.  Defendants object to this request on grounds that

24   granting it would intrude on privileged communications between Defendants' counsel and

25   their consultants.  For support, Defendants rely on Federal Rule of Civil Procedure

26   26(b)(4)(C), which protects communications between a party's attorney and designated

27

28   [2]Counsel argued only that accompanying Defendants' consultants on prison visits should not be the basis for Plaintiffs' preparation.

expert witnesses except for three delineated areas, as well as a brief order from Magistrate

Judge Edmund Brennan relying on Rule 26(b)(4)(C) to deny a request similar to the one

Plaintiffs have made in this case. *Mitchell v. Cate*, Case No. 2:08-CV-01196 JAM EFB

(E.D. Cal.), Oct. 17, 2012 Order re: Discovery Dispute (Ex. A to Defs.' Req. for Judicial

Notice).[3]

At oral argument, Plaintiffs' counsel made clear that they do not intend to interfere

with any communications between Defendants' counsel and their consultants or experts, or

with any communications the consultants or experts may have among themselves.  Instead,

Plaintiffs' counsel intend merely to observe, as well as to be present in case any consultant or

expert wishes to speak to a member of the Plaintiff class whom counsel represents.

The Court rejects the *Mitchell* court's conclusory decision that accompanying experts

on a prison tour "would constitute an impermissible invasion into privileged communications

between Defendants, their counsel, and their expert consultants as they work together to

evaluate Plaintiffs' claims and prepare a defense, and would also violate the work-product

privilege," *id.* at 2, and Defendants have cited no other authority to support their position.  To

the contrary, Defendants' own position regarding their right to accompany Plaintiffs' counsel

on any prison visits demonstrates that Defendants do not themselves believe that observation

of a consultant's prison tours by opposing counsel violates any privilege.  Defendants'

counsel insist that they must be present for all prison tours by Plaintiffs' consultants or

experts – which would be barred by Rule 26 if the Court were to accept Defendants' position

in opposition to the instant motion.  Likewise, Defendants' counsel stated at oral argument

that they must attend Plaintiffs' monitoring visits because they represent prison staff who

have a right to have their attorney present when opposing counsel visit.  The same rationale

applies to Plaintiffs' counsel, who represent prison inmates with whom Defendants'

consultants may wish to speak.

Consequently, the Court finds good cause to GRANT Plaintiffs' motion to accompany

Defendants' consultants or experts on their prison visits.  All counsel will be permitted to

---

[3]The Court grants Defendants' unopposed request for judicial notice.

accompany all consultants and experts on prison tours, but opposing counsel shall not be permitted to participate or listen in on any communications between retained consultants and experts and their counsel, or between consultants and experts retained by the same party. Reasonable notice of any prison visits by consultants or experts must be provided to opposing counsel.[4]

In addition, to ensure that both parties have sufficient time for discovery if Defendants file a motion to terminate, and given the restrictions of the PLRA's automatic stay provisions, IT IS HEREBY ORDERED that:

1. Defendants shall disclose the identity of any expert witnesses and provide expert reports in compliance with Federal Rules of Civil Procedure 26(a)(2)(A)-(C) at least 120 days prior to filing any motion to terminate.

2. Plaintiffs shall disclose the identity of any expert witnesses and provide expert reports in compliance with Rules 26(a)(2)(A)-(C) no later than 14 days after Defendants' expert disclosures.

3. Expert discovery shall be completed within 120 days after Defendants' expert disclosures.

### III.   Plaintiffs' Oral Motion to Accompany Defendants' Consultants in Meetings with Receiver's Executive Staff

Finally, the Court construed Plaintiffs' argument regarding meetings between Defendants' consultants and the Receiver's executive staff as an oral motion that Plaintiffs' counsel be permitted to attend such meetings. These meetings do not have the client concerns present during prison visits, and Defendants' counsel do not assert any right to participate in meetings between the Receiver's staff and Plaintiffs' counsel, consultants, or experts. Plaintiffs have not persuaded the Court that good cause exists to grant their oral

---

[4]The Court expects the parties to cooperate on what constitutes "reasonable notice." Any disputes over whether notice was reasonable will be resolved by a magistrate judge. If the judge determines that notice provided for any particular prison visit was not reasonable, then testimony based on that visit will not be permitted.

motion, and the motion is therefore DENIED.  Both parties' consultants, experts, and counsel may communicate with the Receiver's executive staff without the presence of opposing counsel.

**IT IS SO ORDERED.**

Dated:   02/21/13

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

Exhibit B

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS - 166884
PATRICK R. McKINNEY - 215228
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5500
Facsimile: (415) 703-3035
Patrick.McKinney@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
WALTER R. SCHNEIDER - 173113
SAMANTHA D. WOLFF - 240280
MEGAN OLIVER THOMPSON - 256654
PAUL B. GRUWELL - 252474
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777--3200
Facsimile: (415) 541-9366
pmello@hansonbridgett.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARCIANO PLATA, et al.,

       Plaintiffs,

   v.

EDMUND G. BROWN JR., et al.,

       Defendants.

CASE NO. 01-1351 TEH

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR DISCOVERY**

Judge: Hon. Thelton E. Henderson
Date: February 19, 2013
Time: 11:00 a.m.

## I.    INTRODUCTION

    Plaintiffs are not entitled to an order reopening discovery, nor are Plaintiffs entitled to discovery so that they can accompany Defendants' counsel and non-designated consultants retained in anticipation of litigation on visits to the prisons. Defendants have not designated experts under Fed. R. Civ. P. 26(a)(2)(A), nor are they required to do so at this time. Thus, Defendants' communications with their non-designated consultants are protected by Rule 26, which was recently amended to thwart exactly the type of demand presented by Plaintiffs here. The purpose of the Rule 26 amendments was to protect the mental impressions and theories of counsel and to allow for unguarded and

4981189.2

free communication between counsel and experts.  Plaintiffs' request to attend prison visits along with Defendants' counsel and non-designated consultants is an improper attempt to circumvent the protections of Rule 26, and is entirely foreign to the American adversarial system.

Moreover, Plaintiffs' sole reason for attending these tours is to gather evidence for the motion to terminate that Plaintiffs claim Defendants intend to file imminently. Contrary to Plaintiffs' assertions, Defendants have not announced that they intend to move to terminate this case.  Rather, as stated in Defendants' February 12, 2013 filing in the three-judge court proceeding, Defendants are confident that the court-appointed experts will appropriately and expeditiously find that the medical-care-delivery system is constitutional.  (ECF No. 4332.)  If the court-appointed experts do not so find, then Defendants will move to terminate this case and will be prepared to do so in a few months.  (*Id.*)  Defendant have not yet made a decision to move to terminate; therefore, Plaintiffs' request to reopen discovery is inappropriate and premature, and should be denied.

## II.   ARGUMENT

### A.   The Federal Rules Preclude the Discovery Demanded by Plaintiffs.

Plaintiffs' request to reopen discovery seeks to impermissibly invade Defendants' work-product protections under Rule 26.  Plaintiffs cite no authority showing that they are entitled to be present when Defendants' counsel and consultants meet in confidence to review prison operations.  Indeed, the authority that Plaintiffs cite actually preceded the Rule 26 amendments and is thus inapposite.  Moreover, Judge Edmund F. Brennan recently denied the very same request by Plaintiffs' counsel in *Mitchell v. Cate* (E.D. Cal. No. 08-CF-1196), based on the protections in Rule 26(b)(4)(C).  (Request for Judicial Notice, Ex. 1.)  This Court should similarly deny Plaintiffs' request here.

#### 1.   Rule 26 Protects Defendants' Confidential Meetings Between Their Counsel and Consultants.

Plaintiffs' request is directed to meetings involving Defendants' counsel and non-

1   designated experts.  To be clear, Defendants have not designated testifying experts

2   under Rule 26 and are not required to do so at this time.  If Defendants do later designate

3   any testifying experts, under the amended Rule 26, all communications between counsel

4   and such expert witnesses are protected as work-product.  Fed. R. Civ. P. 26(b)(4)(C)(i)-

5   (iii).  The only exceptions to this privilege are communications relate to: (1)

6   compensation; (2) facts or data from the attorney that the expert considered in forming

7   opinions; and (3) assumptions provided by the attorney that the expert relied on in

8   forming opinions.  *Id.*  As the Advisory Committee explained, Rule 26(b)(4) was

9   specifically amended to provide work-product protection against discovery regarding draft

10  expert disclosures or reports and—with three specific exceptions—communications

11  between expert witnesses and counsel.  Fed. R. Civ. P. 26 Advisory Committee's Note,

12  "2010 Amendments."  Rule 26(b)(4)(C) was added to provide work-product protection for

13  attorney-expert communications regardless of the form of the communications, whether

14  oral, written, electronic, or otherwise.  Fed. R. Civ. P. 26 Advisory Committee's Note,

15  "2010 Amendments."  The addition of Rule 26(b)(4)(C) was designed to protect counsel's

16  work product and ensure that lawyers may interact with retained experts without fear of

17  exposing those communications to searching discovery.  *Id.*  The protection is limited to

18  communications between an expert witness required to provide a report under Rule

19  26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying,

20  including any "preliminary" expert opinions.  *Id.*

21          Under the amended rule, discovery regarding attorney-expert communications on

22  subjects outside the three exceptions in Rule 26(b)(4)(C), or regarding draft expert

23  reports or disclosures, is permitted only in limited circumstances and by court order.  Fed.

24  R. Civ. P. 26 Advisory Committee's Note, "2010 Amendments."  A party seeking such

25  discovery must make the showing specified in Rule 26(b)(3)(A)(ii)—that the party has a

26  substantial need for the discovery and cannot obtain the substantial equivalent without

27  undue hardship.  *Id.*  It will be rare for a party to be able to demonstrate this, given the

28  broad disclosure and discovery otherwise allowed regarding the expert's testimony.  *Id.*

-3-                                                                          01-1351 TEH

A party's failure to provide required disclosure or discovery does not demonstrate the need and hardship required by Rule 26(b)(3)(A); remedies are provided by Rule 37. *Id.* In the rare case in which a party does make this showing, the court must protect against disclosure of the attorney's mental impressions, conclusions, opinions, or legal theories under Rule 26(b)(3)(B). *Id.* But this protection does not extend to the expert's own development of the opinions to be presented; those are subject to probing in deposition or at trial. *Id.*

Rule 26(b)(4)(C) ensures that lawyers may consult with retained experts without fear of having to divulge their communications through discovery. Fed. R. Civ. P. 26 Advisory Committee's Note, "2010 Amendments." Defendants and their counsel should be permitted to freely communicate with their non-designated consultants during any meetings or inspections of Defendants' institutions without Plaintiffs' counsel present. Denying Plaintiffs' request to accompany Defendants' counsel and consultants does not prevent Plaintiffs from making a proper discovery request for inspection under Rule 34, nor does it prevent Plaintiffs from deposing Defendants' experts if they are later designated under Rule 26(a)(2)(A). But providing Plaintiffs with access to confidential meetings between Defendants' counsel and their consultants frustrates the very purpose of the protections set forth in Rule 26(b)(4)(C).

> **2.** **Plaintiffs Fail to Provide Any Authority Supporting Their Request to Accompany Defendants' Counsel and Experts at the Prisons.**

Plaintiffs rely on cases that precede the recent amendments to Rule 26, and are wholly inapposite regardless. None of these cases concern a request to participate in confidential meetings between the opposing party's counsel and its consultant. *In re Newman*, 782 F.2d 971, 974 (Fed. Cir. 1986) involved the petitioner's rights to observe all tests performed on his invention by the Patent and Trademark Office pursuant to Rule 34. In *National Dairy Products Corp. v. L. D. Schreiber & Co.,* Inc., 61 F.R.D. 581, 582 (E.D. Wis. 1973), the court allowed counsel and experts for both sides to be present for inspections of defendants' machines, which were alleged to infringe the plaintiff's patent.

Similarly, *Wagoner v. Barger*, 463 F.2d 1377, 1378 (C.C.P.A. 1972), involved a claim of interference with a patent and the weight accorded to evidence of certain ex-parte tests. And in *Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370, 371 (N.D. Ill. 1981), the court granted a Rule 34 inspection request so that the plaintiffs could observe the manner in which a controlled experiment was conducted.

None of these cases support Plaintiffs' claim that their counsel should be allowed to accompany Defendants' non-designated consultants and counsel when they visit a prison.  Nor do these cases address the fact that Plaintiffs' counsel's presence will violate the attorney-work-product privileges afforded under Rule 26(b)(4)(C).

>   **3.     The October 30, 2007 Discovery Order in the Three-Judge Court Proceeding Does Not Apply.**

In addition, Plaintiffs' reliance on a 2007 discovery order entered in the three-judge court proceeding is misplaced.  (Plaintiffs' Motion at 3-4; ECF No. 906.)  That order related to a discovery dispute that occurred while the parties were preparing for the trial of a separate case.  Thus, the 2007 order cannot support Plaintiffs' request to accompany Defendants' consultants on prison tours in this case, where no motion remains pending before this Court.  Moreover, that order also precedes, and thus was not informed by, the 2010 amendments to Rule 26 discussed above.

**B.     There Is No Basis To Reopen Discovery.**

The sole reason Plaintiffs seek an order reopening discovery is to gather evidence related to Defendants' potential, future termination motion.  The problem with Plaintiffs' request is that Defendants have not yet moved to terminate the case and may never file such a motion.  In fact, no motions are pending in this case, and there is thus no need for discovery.[1]

---

[1]  Although Defendants moved to vacate or modify the population-reduction order in the three-judge court proceeding, the Court stayed consideration of that motion.  (ECF Nos. 2506 and 2527.)  The proceedings address different issues.  At issue in this case is the
(footnote continued)

4981189.2

Plaintiffs repeatedly misstate Defendants' position by claiming that Defendants "announced that they intend to move to terminate the *Plata* case in 'a few months'" and that Defendants "intend to move for termination imminently." (Plaintiffs' Motion at 2.)  As Defendants made clear to the Court, the State is confident that the court-appointed experts will soon conclude that the medical-care-delivery system is constitutional.  (Feb. 12, 2013 Resp., ECF No. 2529 at 3.)  If, however, the court-appointed experts do not expeditiously and appropriately determine constitutionality, then Defendants will move to terminate the case and will be prepared to do so in a few months.  (Id. at 3-4.)  Certainly, Defendants anticipate the court-appointed experts' findings will confirm the system's constitutionality.

Accordingly, there is no reason to reopen discovery at this time.

### III.    CONCLUSION

Defendants' counsel must be permitted to freely communicate with non-designated consultants while reviewing operations at the State's prisons.  Plaintiffs' demand to be present during these prison visits threatens to stifle these privileged communications and constitutes an improper invasion of the work-product protections afforded by Rule 26. Plaintiffs have established no justifiable reason for reopening discovery in order to accompany Defendants' counsel and consultants during these prison visits, especially given that no motion, proceeding, or trial warranting a reopening of discovery is impending.  Accordingly, Plaintiffs' emergency motion to reopen discovery must be denied.

---

constitutionality of the medical-care-delivery system in California's prisons, while the central issue in the three-judge court proceeding is whether overcrowding is a primary barrier to the delivery of constitutionally adequate medical care.  Without *any motions* pending in this underlying case, discovery is unnecessary and improper.

1   DATED: February 15, 2013              HANSON BRIDGETT LLP

2

3                                         By:   /S/ Megan Oliver Thompson
                                          PAUL B. MELLO
4                                         MEGAN OLIVER THOMPSON
                                          Attorneys for Defendants
5

6
    DATED: February 15, 2013              KAMALA D. HARRIS
7                                         Attorney General of California

8

9                                         By:   /S/ Patrick McKinney
                                          PATRICK McKINNEY
10                                        Deputy Attorney General
                                          Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-                                    01-1351 TEH
                    DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR DISCOVERY