13-15466

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MARCIANO PLATA, et al.,**

                Plaintiffs-Appellees,

    **v.**

**EDMUND G. BROWN Jr., et al.,**

                Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
No. C 01-01351 TEH
The Honorable Thelton E. Henderson, Judge

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO DISMISS
APPEAL; REQUEST TO EXPEDITE APPEAL**

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5781
 Fax: (415) 703-5843
 Email:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendants-Appellants
Governor Edmund G. Brown Jr., Sec. J.
Beard, and Dir. A. Matosantos*

## INTRODUCTION

This appeal presents important issues about the proper interpretation of the Prison Litigation Reform Act, and it impacts expensive litigation regarding California prisons. In an attempt to foreclose all appellate review of the district court's order limiting the State's ability to move to terminate this case, Plaintiffs request that this Court dismiss the appeal for lack of jurisdiction. Plaintiffs' motion is meritless. This Court has jurisdiction over the district court's postjudgment order, which precludes Defendants from moving to terminate without first disclosing their experts.

Additionally, the district court's order postpones the automatic stay under the PLRA, and thus is reviewable under 18 U.S.C. § 3626(e). Further, this Court can also review the district court's order under its mandamus power. For these reasons, the Court should deny Plaintiffs' motion to dismiss. Additionally, this Court should expedite this appeal so that Defendants can exercise their statutory right to move to terminate prospective relief.

/ / /

/ / /

/ / /

# ARGUMENT

## I. THIS COURT HAS JURISDICTION OVER THE DISTRICT COURT'S POSTJUDGMENT ORDER.

This is an appeal from the district court's February 21, 2013 postjudgment order, which precluded the State from moving to terminate the prospective relief here without first disclosing their experts and expert reports. (Pls.' Mot. To Dismiss Appeal, Ex. A.) This postjudgment order "conclusively determine[d] the disputed question, resolve[d] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *U.S. v. One 1986 Ford Pickup*, 56 F.3d 1181, 1185 (9th Cir. 1995). Accordingly, this Court has jurisdiction to review it. *Id.* This Court also has jurisdiction, under 18 U.S.C. § 3626(e)(4), over district court orders "staying, suspending, delaying, or barring the operation of the automatic stay" under the PLRA. The district court order here postponed the time when Defendants could move to terminate by 120 days, which in turn postponed the effective date of the automatic stay. Accordingly, the district court's order is appealable

under 18 U.S.C. § 3626(e)(4).[1] Further, the district court's order postponed when Defendants could move to terminate, and thus it is reviewable under this Court's mandamus authority, per 18 U.S.C. § 3626(e)(1).

Relying on inapposite caselaw rejecting piecemeal appeals, Plaintiffs argue that the district court order at issue is merely interlocutory in nature. For example, Plaintiffs rely on *Gardner v. Westinghouse Broadcasting Co.*, which involved an abortive appeal from an order denying class certification before judgment. 437 U.S. 478, 480 (1978). Likewise, *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23 (1966), involved an appeal from an order denying summary judgment. The Supreme Court expressed concern about opening the floodgates to appeals from "pretrial orders," *id.* at 24, which is inapposite here, where judgment was entered years ago. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271(1988), also involved an appeal from a pretrial order, specifically an order denying a motion to dismiss or to stay an action. *Id.* at 275. But that caselaw is irrelevant in the context of a postjudgment order.

---

[1] Per 18 U.S.C. § 3626(e)(4), orders postponing the effective date of the automatic stay are appealable under 28 U.S.C. § 1292(a)(1).

3

Here, the district court approved the parties' consent decree for injunctive relief years ago, in 2002. *See Plata v. Schwarzenegger*, 603 F.3d 1088, 1091 (9th Cir. 2010). This decree is tantamount to a final judgment. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992); *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984). In the context of postjudgment orders like the one at issue here, this Court imposes a "relaxed" finality requirement, because subsequent proceedings are unlikely to further finalize the court's order, and because the concerns regarding piecemeal appeals are non-existent. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064 (9th Cir. 2010). "This court has declared itself less concerned with piecemeal review when considering post-judgment orders, because 'unless such [post-judgment] orders are found final, there is often little prospect that further proceedings will occur to make them final.'" *Id.* (citation omitted). In *Armstrong*, this Court held that it had jurisdiction over an appeal from a district court order requiring defendants to produce a compliance plan with specific features, but not specifically requiring implementation of the plan. *Id.* at 1064-65. The Court noted, "If we did not exercise jurisdiction here and the defendants in good faith delivered the plan

4

as ordered, it is unclear that there would be any future opportunity for them to appeal." *Id.* at 1065.

Likewise here, Defendants can only appeal the district court's order requiring them to disclose experts and expert reports now; if they wait until they move to terminate, they will already have complied with the district court's order and "it is unclear whether there would be any future opportunity for them to appeal." *Armstrong*, 622 F.3d at 1065. Whatever merits Plaintiffs' arguments might have *vis à vis* prejudgment orders, they are irrelevant in the context of a postjudgment order, which is at issue here. "When post-judgment orders are involved[,] [t]he policy against and the probability of piecemeal review is not as decisive a consideration after judgment as before judgment since the underlying dispute is already settled." *U.S. v. Ray*, 375 F.3d 980, 986 (9th Cir. 2004) (citation omitted). As noted above, all the cases Plaintiffs rely on were pre-judgment, and thus irrelevant.

Plaintiffs also argue that this Court lacks jurisdiction over this appeal because Defendants have not actually moved to terminate. (Pls.' Mot. To Dismiss Appeal at 6.) Plaintiffs conveniently overlook the fact that Defendants cannot move to terminate without first complying with the district court's so-called "scheduling" order. Thus, Defendants are

5

effectively precluded from obtaining review of that erroneous order because it imposes a hurdle that Defendants must comply with *before* moving to terminate. In other words, this appeal presents a situation where there is no other way to obtain review of the district court's order. In such contexts, this Court has held that it has jurisdiction. *Armstrong*, 622 F.3d at 1064.

## II. THE COURT SHOULD EXPEDITE CONSIDERATION OF THIS APPEAL.

As noted above, this Court should deny Plaintiffs' motion to dismiss this appeal. Additionally, because the district court's order imposes a procedural hurdle on the State's ability to move to terminate prospective relief, in violation of the PLRA, this Court should expedite consideration and disposition of this appeal. This comports with the PLRA's policy of ensuring that prospective relief orders do not linger more than necessary, *Plata*, 603 F.3d at 1095, and gives effect to congressional intent in passing the PLRA, as explained in Defendants' opening brief.

/ / /

/ / /

/ / /

6

## CONCLUSION

This Court has appellate jurisdiction over the district court's order under various provisions of the United States Code. Accordingly, the Court should deny Plaintiff's motion to dismiss this appeal. Additionally, the Court should expedite consideration and disposition of this appeal.

Dated: May 6, 2013         Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General


*/s/ JOSE A. ZELIDON-ZEPEDA*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendants-Appellants Governor Edmund G. Brown Jr., Sec. J. Beard, and Dir. A. Matosantos*

SF2013205598
20689021.doc

# CERTIFICATE OF SERVICE

Case Name:   **Marciano Plata, et al. v. Brown, et. al.**   Case No.   13-15466

I hereby certify that on **May 6, 2013**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS APPEAL; REQUEST TO EXPEDITE APPEAL.**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 6, 2013**, at San Francisco, California.

|  C. Look  |  /s/ C. Look  |
| :---: | :---: |
| Declarant | Signature |

SF2013205598
20691036.doc